## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DARRELL LEE HICKS #405-906             :

    Plaintiff                          :

    v.                                 :   CIVIL ACTION NO. ELH-14-928

PETER STANFORD, PA                     :
JASON CLEM, MD
                                       :

    Defendants

## AMENDED MEMORANDUM

Plaintiff Darrell Lee Hicks is a Maryland prisoner incarcerated at Eastern Correctional Institution in Westover, Maryland ("ECI"). Plaintiff filed suit alleging an Eighth Amendment violation based on a denial of medication. He names as defendants Physician's Assistant ("PA") Peter Stanford and Doctor Jason Clem, who provide health care to ECI prisoners through their employer, Wexford Health Sources, Inc.

Defendant Stanford has been served with the complaint and has filed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 8.[1] Plaintiff opposes the motion. ECF 10. The court finds a hearing in this matter unnecessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2014).

### Background

Plaintiff claims that during a chronic care evaluation on November 27, 2013, Stanford informed plaintiff that he would submit an approval form electronically to Clem to continue

---

[1] Stanford's counsel indicates he will represent both defendants (ECF 5), but notes that while Stanford consented to counsel accepting service on his behalf, Clem has declined to do so. ECF 6. The Clerk shall assist with obtaining service of process on Clem, as set forth in the accompanying Order.

plaintiff's anti-seizure medication.  Plaintiff states that from December 6 through December 11, 2013, the medication (Neurontin)[2] was unavailable during twice-daily pill call.  ECF 1 at 4. Plaintiff claims that on December 10, 2013, he was injured while suffering a seizure.  ECF 1 at 5; ECF 10 at 2.

Defendant Stanford contends that the failure to provide medication for several days does not "shock the conscience" or "offend the evolving standards of decency and thus does not amount to an Eighth Amendment violation, and that soon after the medication ran out, on December 9, 2013, an unidentified nurse reported the problem to her superiors.  ECF 8 at 8. Defendant also argues that neither he nor Clem had a culpable state of mind; they did not intentionally fail to order the medication.  *Id.*  Further, Stanford claims that plaintiff has failed to specific the precise nature of his injuries caused by the lack of medication.  *Id.* at 10.  In addition, Stanford also claims entitlement to qualified immunity (*id.* at 10-11),[3] and states the action should be dismissed because plaintiff failed to complete administrative remedies to address the lack of medication.[4]  *Id.* at 12, n.4.

_____

[2] Defendant has not provided medical records or an expert's affidavit discussing plaintiff's illnesses and treatments.  The court notes, however, that Neurontin (generically called gabapentin) is used with other medications to prevent and control seizures and is known as an anticonvulsant or anti-epileptic drug.  It is also used to relieve nerve pain.  *See* http://www. webmd.com/drugs/2/drug-9845-8217/neurontin/gabapentin-oral/details.

[3] Defendant cites *Filarsky v. Delia*, __ U.S. ___, 132 S.Ct. 1657, 1667-68 (2012) to support his qualified immunity defense.  ECF 8 at 11.  *Filarsky* overturned the denial of qualified immunity to an attorney who was retained by a city in California to assist in an internal investigation concerning a firefighter's potential wrongdoing.  *Id.* at 1666.  Defendant fails to demonstrate that *Filarsky* has been extended to contractual health care providers working in detention centers or correctional facilities, and the undersigned will not extend the holding in *Filarsky* based on the record before the court in the instant case.

[4] Title 42 U.S.C. § 1997e(a) requires proper exhaustion, which means "'complet[ing] the administrative review process in accordance with the applicable procedural rules.'"  *Jones v. Bock,* 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo,* 548 U.S. 81, 88 (2006)).  "The level

**Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE

of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923. Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. *See Woodford*, 548 U.S. at 90.

Defendant argues that Maryland prisoners must exhaust administrative remedies under the DOC grievance process regarding complaints against private healthcare contractors and their employees. State court evaluation of the same issue is instructive. In *Adamson v. Correctional Medical Services, Inc*., 359 Md. 238, 753 A.2d 501 (2000), the Court of Appeals of Maryland reviewed the legislative history of the Maryland Administrative Remedy Procedure ("ARP") process and noted that it permits a prisoner to submit a complaint for grievances against officials or employees of the Maryland Division of Correction and Patuxent Institution through the Inmate Grievance Office ("IGO"). It further observed that ARP grievances must be exhausted through to the IGO before seeking judicial review. Finally, the Court of Appeals noted that the documentation presented in the case establishes that the IGO declines to hear prisoner grievances against private health care contractors. *Adamson*, 359 Md. at 266-71, 753 A.2d at 516-19. In sum, the Court of Appeals found that the Maryland administrative remedy process does not encompass complaints against private medical providers under contract with the state. As such, plaintiff was not required to use the ARP process regarding his medical claims and defendant's argument in favor of dismissal for non-exhaustion is unavailing.

3

> § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller)
> ("[T]he pleading must contain something more ... than ... a
> statement of facts that merely creates a suspicion [of] a legally
> cognizable right of action"), on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact), *see,*
> *e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002);
> *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does
> not countenance ... dismissals based on a judge's disbelief of a
> complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232,
> 236 (1974) (a well-pleaded complaint may proceed even if it
> appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and parallel citations omitted) (alterations in original).

In considering a motion to dismiss under Rule 12(b)(6), a court must "'accept[ ] as true the well-pled facts in the complaint and view[ ] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (citation omitted). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In order to state a claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Deliberate indifference to a medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure the needed care was available. *See Farmer v. Brennan*,

4

511 U.S. 825, 837 (1994).  Moreover, objectively, the medical condition at issue must be serious.  *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).  In other words, deliberate indifference may be established by showing that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.

Deliberate indifference is "a very high standard."  *Grayson v. Peed*, 195 F.3d 692, 694 (4th Cir. 1999).  It requires a plaintiff to establish that the prison official had actual knowledge of an excessive risk to the plaintiff's safety.  *Farmer*, 511 U.S. at 837; *Danser v. Stansberry*, ____ F.3d ____, No. 13-1828, slip op. at 15 (4th Cir. Sept. 12, 2014).  In particular, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837; *see also id.* at 840-42 ("constructive notice" of a substantial risk generally is not sufficient to prove a deliberate indifference claim); *Rich v. Bruce*, 129 F.3d 336, 338-40 (4th Cir. 1997).  And, in a case involving deliberate indifference to a medical need, the inmate must show a "significant injury."  *Danser*, slip op. at 14 n.8.  This is in contrast to an excessive force case.  *Id.*

The subjective component requires "subjective recklessness" in the face of the serious medical condition.  *See Farmer*, 511 U.S. at 839-40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  *Rich*, 129 F.3d at 340 n.2.  "Actual knowledge or awareness on the part of the alleged inflicter … becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'"  *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

Notably, a "showing of mere negligence" will not suffice.  *Grayson*, 195 F.3d at 695.

Actual knowledge of the risk of harm to the inmate is required.  *Young v. City of Mt. Ranier*, 238

F.3d 567, 575-76 (4th Cir. 2001).  And, for purposes of a deliberate indifference claim, "'[i]t is

not enough that the [defendant] *should* have recognized'" a substantial risk of harm.  *Iko v.

Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d

294, 303 (4th Cir. 2004)) (emphasis added in *Iko*).

Thus, "any negligence or malpractice on the part of . . . doctors in missing [a] diagnosis

does not, by itself, support an inference of deliberate indifference."  *Johnson v. Quinones*, 145

F.3d 164, 166 (4th Cir. 1998).  Of course, if a risk is obvious, a prison official "cannot hide

behind an excuse that he was unaware of a risk … ."  *Brice,* 58 F.3d at 105.  But, without

evidence that a health care provider linked presence of symptoms with a diagnosis of a serious

medical condition, the subjective knowledge requirement is not met.  *Johnson,* 145 F.3d at 169

(reasoning that actions inconsistent with an effort to hide a serious medical condition refute the

presence of subjective knowledge).

Even if the requisite subjective knowledge is established, an official may avoid liability

"if [he] responded reasonably to the risk, even if the harm was not ultimately averted."  *Farmer*,

511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the

defendant actually knew at the time.  *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2000)

(citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998)) (focus must be on precautions

actually taken in light of suicide risk, not those that could have been taken).

## Discussion

Plaintiff claims that on November 27, 2013, during a scheduled chronic care evaluation,

he was promised by Stanford that a renewal request for Neurontin would be forwarded to Clem.

It appears that the need for renewal was not promptly communicated and the medication ran out on December 6, 2013.  A nurse may have sought renewal of the medication on December 9, 2013.  The medication became available on either December 11 or December 12, 2013.  During the five days during which the medication was not available, plaintiff alleges he suffered a seizure, fell, and hurt his head on December 10, 2013.

Defendant provides no affidavit or evidence, such as medical records, to refute plaintiff's allegations, which may constitute an Eighth Amendment violation based on the failure to provide medical care.  Therefore, defendant Stanford's motion to dismiss shall be denied by separate Order, which follows.

October 7, 2014
Date

/s/
Ellen Lipton Hollander
United States District Judge